FILED
CLERK, U.S. DISTRICT COURT

01/11/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

April 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>DANIEL LEE FITE,<br><br>　　　　Defendant. | ED CR No. 5:23-cr-00006-SSS<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(C), (b)(2): Possession with Intent to Distribute Controlled Substances; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about May 18, 2022, in Riverside County, within the Central District of California, defendant DANIEL LEE FITE knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 436.4 grams, of methamphetamine, a Schedule II controlled substance.

```
                          COUNT TWO

                [21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

     On or about May 18, 2022, in Riverside County, within the
Central District of California, defendant DANIEL LEE FITE knowingly
and intentionally possessed with intent to distribute cocaine base in
the form of crack cocaine, a Schedule II narcotic drug controlled
substance.
```

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about May 18, 2022, in Riverside County, within the Central District of California, defendant DANIEL LEE FITE knowingly and intentionally possessed with intent to distribute fentanyl, a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about May 18, 2022, in Riverside County, within the Central District of California, defendant DANIEL LEE FITE knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(2)]

On or about May 18, 2022, in Riverside County, within the Central District of California, defendant DANIEL LEE FITE knowingly and intentionally possessed with intent to distribute carisoprodol, a Schedule IV controlled substance.

COUNT SIX

[18 U.S.C. § 922(g)(1)]

On or about May 18, 2022, in Riverside County, within the Central District of California, defendant DANIEL LEE FITE knowingly possessed the following firearms and ammunition, in and affecting interstate and foreign commerce:

1. A Liberty Arms, model 1914 semi-automatic handgun, bearing serial number 42786;

2. A Rohm, model 38T revolver, bearing serial number 194366;

3. A G.A.C. revolver U.S. Service CTGS, 3200, bearing serial number 48829; and

4. Approximately 50 rounds of CBC Global .38 caliber ammunition.

Defendant FITE possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Transport or Sell a Controlled Substance, in violation of California Health and Safety Code Section 11352(a), in the Superior Court of the State of California, County of Riverside, case number SWF017226, on or about September 19, 2007; and

2. Own or Rent a Property for Sales and Distribution of a Controlled Substance, in violation of California Health and Safety Code Section 11366.5(a), in the Superior Court of the State of California, County of Riverside, case number SWF015144, on or about September 19, 2007.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Five of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), or (c).

3. Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be

7

located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Six of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
_____
Foreperson

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

STEPHEN T. MERRILL
Special Assistant U.S. Attorney
Riverside Branch Office